■ In the Matter of JOSEPH C. WOICIK, Appellant, v TOWN OF EAST HAMPTON, Respondent. [615 NYS2d 447] —In a proceeding pursuant to CPLR article 78 to invalidate a parking ordinance adopted by the Town Board of East Hampton, the petitioner appeals, (1) as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Lama, J.), dated December 31, 1992, as, upon converting the proceeding to a declaratory judgment action, denied the petitioner's motion to amend the caption, and granted the respondents' motion to dismiss the action on the ground that the petitioner had failed to name the Town Board of East Hampton as a respondent, and (2) a judgment of the same court, entered January 20, 1993, which dismissed the action.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, by adding thereto a provision declaring that Local Laws, 1992, No. 20 of the Town of East Hampton is valid; as so modified, the judgment is affirmed; and it is further,

Ordered that the order is modified by adding thereto a provision amending the caption to substitute the "Town Board of East Hampton" in place of the "Town of East Hampton"; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the entry of the judgment in the action *(see,*

*Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

By enactment of Local Laws, 1992, No. 20 of the Town of East Hampton, the Town Board of East Hampton designated the west side of Atlantic Avenue in the hamlet of Amagansett as a parking area for permit holders. Since both residents and nonresidents may obtain permits, with the only difference being that residents are entitled to a permit because of their payment of real estate taxes while nonresidents must pay $100 for the permit, we find that the ordinance is not discriminatory and, is, therefore, a valid exercise of the Town Board's legislative power *(cf., New York State Pub. Empls. Fedn. v City of Albany,* 72 NY2d 96).

The petitioner commenced this proceeding by naming the Town of East Hampton, rather than the East Hampton Town Board, as the respondent. Service was accomplished by leaving the notice of petition and petition at the Office of the Town Supervisor. Under the circumstances, service was effected upon the Town Board under a misnomer. We find that the Town Board was fairly apprised that it was the intended party, and that it appeared and defended on the merits. As such, the petitioner's motion to amend the caption should have been granted *(see, Matter of Gladding v Board of Educ.,* 136 AD2d 636). We reject the Town Board's contention, raised for the first time on appeal, that personal jurisdiction was never acquired over it since the Town Supervisor was never personally served pursuant to CPLR 311 (5). The Town Board failed to move to dismiss the action for lack of personal jurisdiction pursuant to CPLR 3211 (8). Rather, they appeared and defended on the merits. As such, the defense is waived *(see,* CPLR 320 [b]).

Since this is a declaratory judgment action, and the proper parties were served with process, a declaration rather than dismissal of the complaint is appropriate *(see, Lanza v Wagner,* 11 NY2d 317, 334, *cert denied* 371 US 901). Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.