■ COUNTRYWIDE HOME LOANS SERVICING, LP, Respondent, v LINDA ALBERT, Appellant, et al., Defendants. [912 NYS2d 96]—

In an action to foreclose a mortgage, the defendant Linda Albert appeals from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated April 15, 2009, as denied that branch of her motion which was to vacate a judgment of foreclosure and sale dated October 10, 2008.

Ordered that the order is affirmed insofar as appealed from, with costs.

" 'An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him [or her], and therefore confers personal jurisdiction over him [or her], unless he [or she] asserts an objection to jurisdiction either by way of motion or in his [or her] answer' " (*Ohio Sav. Bank v Munsey*, 34 AD3d 659, 659 [2006], quoting *Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 140 [1986]; *see* CPLR 320; *National Loan Invs., L.P. v Piscitello*, 21 AD3d 537, 537-538 [2005]). " 'By statute, a party may appear in an action by attorney (CPLR 321), and such an appearance constitutes an appearance by the party for purposes of conferring jurisdiction' " (*National Loan Invs., L.P. v Piscitello*, 21 AD3d at 537-538, quoting *Skyline Agency v Coppotelli, Inc.*, 117 AD2d at 140). It is undisputed that the attorney formerly representing the defendant Linda Albert (hereinafter the defendant) filed a notice of appearance on her behalf in this action, and that neither the defendant nor her attorney moved to dismiss the complaint on the ground of lack of personal jurisdiction or asserted lack of personal jurisdiction in a responsive pleading (*see Ohio Sav. Bank v Munsey*, 34 AD3d at 659). Accordingly, the defendant waived any claim that the Supreme Court lacked personal jurisdiction over her in this action (*id.* at 659-660; *see Matter of Woicik v Town of E. Hampton*, 207 AD2d 356, 357 [1994]). In any event, the defendant's claim that she was not properly served in this action is without merit. "Service of process must be made in strict compliance with statutory 'methods for effecting personal service upon a natural person' pursuant to CPLR 308" (*Estate of Waterman v Jones*, 46 AD3d 63, 65 [2007], quoting *Macchia v Russo*, 67 NY2d 592, 594 [1986]; *see Dorfman v Leidner*, 76 NY2d 956, 958 [1990]). "A process server's affidavit of service constitutes prima facie evidence of proper service" (*Scarano v Scarano*, 63 AD3d 716, 716 [2009]). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing (*see Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]), no hearing is required where the defendant fails to swear to 'specific facts to rebut the statements in the process

server's affidavits' " (*Scarano v Scarano*, 63 AD3d at 716, quoting *Simonds v Grobman*, 277 AD2d 369, 370 [2000]). Here, the defendant's claims were insufficient to rebut the prima facie proof of proper service pursuant to CPLR 308 (4) created by the process server's affidavit and to warrant a hearing to determine the validity of service of process (*see City of New York v Miller*, 72 AD3d 726, 727 [2010]; *Scarano v Scarano*, 63 AD3d at 716).

The Supreme Court properly declined to consider the reply papers submitted by the defendant in further support of her motion, inter alia, to vacate a judgment of foreclosure and sale dated October 10, 2008. Under the circumstances of this case, and based on demands set forth in the defendant's notice of motion, the defendant's reply papers were required to be submitted at least one day before the motion's return date (*see* CPLR 2214 [b]). Moreover, inasmuch as consideration of these papers was a matter within the discretion of the court (*see* CPLR 2214 [c]), the Supreme Court providently exercised its discretion in declining to consider them, as the defendant offered no excuse for her delay in submitting the papers (*cf. Mosheyeva v Distefano*, 288 AD2d 448, 449 [2001]; *Romeo v Ben-Soph Food Corp.*, 146 AD2d 688, 690 [1989]).

The defendant waived any argument that the plaintiff lacked standing to commence this action. Having failed to interpose an answer or file a pre-answer motion which asserted the defense of standing, the defendant waived that defense pursuant to CPLR 3211 (e) (*see HSBC Bank, USA v Dammond*, 59 AD3d 679, 680 [2009]; *see Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242-245 [2007]).

The defendant's remaining contentions are either not properly before this Court or without merit. Dillon, J.P., Santucci, Dickerson and Chambers, JJ., concur.