■ AMERICAN HOME MORTGAGE SERVICING, INC., Plaintiff, v DASHA ARKLIS, Respondent, et al., Defendants. MTGLQ INVESTORS, L.P., Nonparty Appellant. [56 NYS3d 332]—

In an action to foreclose a mortgage, nonparty MTGLQ Investors, L.P., as assignee of the plaintiff, American Home Mortgage Servicing, Inc., appeals from an order of the Supreme Court, Kings County (Edwards, J.), dated September 23, 2014, which denied, in effect, as academic, its motion for leave to enter a judgment of foreclosure and sale, and, upon deeming the cross motion of the defendant Dasha Arklis pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction as one to vacate her default in appearing or answering the complaint, granted the cross motion on the ground that the plaintiff lacked standing to commence the action.

Ordered that the order is reversed, on the law, with costs, the cross motion of the defendant Dasha Arklis is denied, and the matter is remitted to the Supreme Court, Kings County, for a determination of the motion of nonparty MTGLQ Investors, L.P., for leave to enter a judgment of foreclosure and sale.

On March 17, 2008, the plaintiff, American Home Mortgage Servicing, Inc., commenced this action against, among others, the defendant Dasha Arklis (hereinafter the defendant) to foreclose a mortgage encumbering residential real property located at 647 Dekalb Avenue, Brooklyn (hereinafter the subject property). On March 21, 2008, the plaintiff filed an affidavit of service in which the plaintiff's process server averred that service was made upon the defendant pursuant to CPLR 308 (4) at the defendant's usual place of abode by, among other things, affixing a copy of the summons and complaint to the door of the subject property. In an order dated December 10, 2009, the Supreme Court, inter alia, directed the entry of a default judgment in favor of the plaintiff and against all defendants upon their failure to answer, and appointed a referee to compute the amount due and owing to the plaintiff. On July 25, 2012, the defendant's attorney appeared at a foreclosure settlement conference and executed a form notice of appearance, bearing the caption and index number of the action, and stating the name, address, and contact information of the attorney's firm, Tsyngauz & Associates, P.C.

By notice of motion dated May 9, 2014, the plaintiff's assignee, nonparty MTGLQ Investors, L.P. (hereinafter MTGLQ), moved, inter alia, for leave to enter a judgment of foreclosure and sale. Thereafter, the defendant, still represented by Tsyngauz & Associates, P.C., cross-moved pursuant to CPLR 3211 (a) (8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, arguing that she did not live at the subject property at the time that service was purportedly made upon her at that address and, therefore, service was not properly made upon her. Notably, in the defendant's reply papers, she specified: "Defendant is not moving to vacate [her default] pursuant to CPLR 317 or CPLR 5015 (a) (1) and does not need to show a meritorious defense. . . . Defendant is moving pursuant to CPLR 3211 (a) (8)."

In the order appealed from, the Supreme Court "deem[ed]" the defendant's cross motion "as one for vacatur pursuant to CPLR 5015." The court found that the defendant "credibly established she was never served," and therefore, any default judgment would be a nullity. The court then went on to consider the issue of standing, which the defendant had not raised in her motion papers, and found that the plaintiff lacked standing to commence the action. Based on the foregoing, the Supreme Court, inter alia, granted the defendant's cross motion to dismiss the complaint insofar as asserted against her on the ground that the plaintiff lacked standing to commence the action and denied MTGLQ's motion, in effect, as academic. MTGLQ appeals.

As MTGLQ correctly contends, the defendant waived any claim that the Supreme Court lacked jurisdiction over her. Pursuant to CPLR 320 (a), "[t]he defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer." Subject to certain exceptions not applicable here (*see* CPLR 320 [c]), "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under [CPLR 3211 (a) (8)] is asserted by motion or in the answer as provided in [CPLR 3211]" (CPLR 320 [b]). "By statute, a party may appear in an action by attorney (CPLR 321), and such an appearance constitutes an appearance by the party for purposes of conferring jurisdiction" (*Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 140 [1986]; *see Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984 [2010]). Here, the defendant's attorney appeared in the action on her behalf by filing a notice of appearance on July 25, 2012, and neither the defendant nor her attorney moved to dismiss the complaint

on the ground of lack of personal jurisdiction at that time or asserted lack of personal jurisdiction in a responsive pleading (*see Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d at 984; *Ohio Sav. Bank v Munsey*, 34 AD3d 659 [2006]; *Matter of Woicik v Town of E. Hampton*, 207 AD2d 356, 357 [1994]). Accordingly, the defendant waived any claim that the Supreme Court lacked personal jurisdiction over her in this action (*see Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d at 984). To the extent that prior decisions of this Court could be interpreted to require a different result (*see Frederic v Israel*, 104 AD3d 909, 910 [2013]; *see also Deutsche Bank Natl. Trust Co. v Gordon*, 129 AD3d 769, 769-770 [2015]), they should no longer be followed.

Further, it was error for the Supreme Court to, sua sponte, raise and consider the issue of lack of standing. Having failed to interpose an answer or file a timely pre-answer motion asserting the defense of lack of standing pursuant to CPLR 3211 (e), the defendant waived that defense (*see Deutsche Bank Natl. Trust Co. v Hussain*, 78 AD3d 989, 990 [2010]).

Since, in the order appealed from, MTGLQ's motion for leave to enter a judgment of foreclosure and sale was, in effect, denied as academic in light of the court's determination on the defendant's cross motion, we remit the matter to the Supreme Court, Kings County, for a determination of MTGLQ's motion on the merits (*see Aurora Loan Servs., LLC v Gross*, 139 AD3d 772, 774 [2016]). Chambers, J.P., Hall, Miller and Connolly, JJ., concur.