Wilmington Sav. Fund Socy., FSB v Zimmerman (2018 NY Slip Op 00329)





Wilmington Sav. Fund Socy., FSB v Zimmerman


2018 NY Slip Op 00329


Decided on January 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-11407
2015-11410
 (Index No. 16040/08)

[*1]Wilmington Savings Fund Society, FSB, etc., respondent,
v
Michael Zimmerman, appellant, et al., defendants.


Lester & Associates, P.C., Garden City, NY (Gabriel R. Korinman and Naomi Trainer of counsel), for appellant.
Davidson Fink, Rochester, NY (Larry T. Powell of counsel), for respondent.



DECISION & ORDER
Appeals from (1) a judgment of foreclosure and sale of the Supreme Court, Suffolk County (Hector D. LaSalle, J.), entered August 5, 2013, and (2) an order of that court (Andrew G. Tarantino, Jr., J.), dated February 23, 2015. The order, insofar as appealed from, denied those branches of the motion of the defendant Michael Zimmerman which were pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale entered upon his failure to answer the complaint, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the appeal from the judgment of foreclosure and sale is dismissed, as no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511; Deutsche Bank Natl. Trust Co. v Jagroop, 104 AD3d 723); and it is further,
ORDERED that the order is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2008, Homesales, Inc. (hereinafter Homesales), commenced this action to
foreclose a mortgage against Michael Zimmerman (hereinafter the defendant), among others. After the defendant failed to appear or answer the complaint, in an order dated May 4, 2009, the Supreme Court granted Homesales's motion for an order of reference. The defendant served an answer dated February 13, 2012, but the answer was rejected as untimely. In October 2012 and January 2013, the defendant's attorneys served notices of appearance in the action. In June 2013, Homesales moved for a judgment of foreclosure and sale and to amend the caption to reflect that Wilmington Savings Fund Society, FSB (hereinafter the plaintiff), was the proper plaintiff. The court granted the motion and issued a judgment of foreclosure and sale entered August 5, 2013, upon the defendant's default in answering the complaint.
In February 2014, the defendant moved, inter alia, pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. In an order dated [*2]February 23, 2015, the Supreme Court, inter alia, denied those branches of the motion. The defendant appeals.
The Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction. Contrary to the plaintiff's contention, the defendant is not judicially estopped from seeking vacatur of the judgment of foreclosure and sale as a result of his filing of a bankruptcy petition, because he did not receive a favorable result in the bankruptcy proceeding by taking a position contrary to one he is taking in this action (see Dime Sav. Bank of Williamsburg v 146 Ross Realty, LLC, 106 AD3d 863, 864). However, as the plaintiff correctly contends, the defendant waived the defense of lack of personal jurisdiction by appearing in the action without asserting an objection to jurisdiction by way of motion or in an answer (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984; National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 537-538).
The Supreme Court also properly denied that branch of the plaintiff's motion which was pursuant to CPLR 5015(a)(3) to vacate the judgment of foreclosure and sale on the ground of fraud, misrepresentation, or other misconduct of an adverse party. The defendant failed to meet his burden of establishing fraud, misrepresentation, or other misconduct on the part of the plaintiff warranting vacatur of the judgment of foreclosure and sale pursuant to CPLR 5015(a)(3) (see LaSalle Bank N.A. v Oberstein, 146 AD3d 945, 946; Golden First Bank v Tal, 136 AD3d 974, 974-975; Citimortgage, Inc. v Bustamante, 107 AD3d 752, 753).
The defendant's remaining contentions are not properly before this Court.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court