Wells Fargo Bank, N.A. v Cajas (2018 NY Slip Op 02159)





Wells Fargo Bank, N.A. v Cajas


2018 NY Slip Op 02159


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SYLVIA O. HINDS-RADIX
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-08711
 (Index No. 702411/13)

[*1]Wells Fargo Bank, N.A., etc., appellant, 
v
Sonia Cajas, et al., defendants, Miguel Chiriboga, etc., respondent.


Davidson Fink LLP, Rochester, NY (Larry T. Powell of counsel), for appellant.
E. Waters & Associates, P.C., Jamaica, NY (Edward J. Waters of counsel), for respondent.



DECISION & ORDER
Appeal from an order of the Supreme Court, Queens County (Duane A. Hart, J.), dated July 23, 2015. The order, in effect, sua sponte, directed dismissal of the complaint and, in effect, denied, as academic, the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.
ORDERED that on the Court's own motion, the appeal from so much of the order as, in effect, sua sponte, directed dismissal of the complaint is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a determination on the merits of the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.
In June 2013, the plaintiff commenced this action against, among others, the defendant Miguel Chiriboga (hereinafter the homeowner) to foreclose a mortgage. The homeowner, together with other defendants, timely interposed an answer asserting, inter alia, the affirmative defense of lack of personal jurisdiction. By notice of motion dated May 20, 2014, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. Insofar as is relevant to this appeal, the plaintiff argued that the homeowner had waived the defense of lack of personal jurisdiction by failing to move to dismiss the complaint on this ground within 60 days of service of his answer, and that service of the summons and complaint had been properly made. The homeowner opposed the plaintiff's motion on the grounds, among others, that the plaintiff lacked standing and had unclean hands, but did not raise the defense of lack of personal jurisdiction.
The plaintiff and the homeowner appeared in the Supreme Court for a settlement conference on March 4, 2015, while the plaintiff's motion was pending. During that conference, the court, sua sponte, directed a hearing to determine whether the homeowner had been properly served. Over the plaintiff's objection, such a hearing was held on June 10, 2015, during which the court, sua sponte, purported to dismiss the complaint for lack of personal jurisdiction, with prejudice. In an [*2]order dated July 23, 2015, the court, in effect, sua sponte, directed dismissal of the complaint and, in effect, denied the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference as academic. The plaintiff appeals, and we reverse.
The Supreme Court erred in sua sponte raising and considering the defense of lack of personal jurisdiction. The homeowner waived this defense by failing to move to dismiss the complaint on this ground within 60 days of serving his answer (see CPLR 3211[e]; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180; Bank of N.Y. Mellon v Vytalingam, 144 AD3d 1070; JP Morgan Chase Bank v Munoz, 85 AD3d 1124; Amerasia Bank v Saiko Enters., 263 AD2d 519). As the homeowner waived this defense, it was error for the court, sua sponte, to direct dismissal of the complaint on this basis (see First United Mtge. Banking Corp. v Lawani, 147 AD3d 912; U.S. Bank, N.A. v Emmanuel, 83 AD3d 1047, 1048).
Since, in the order appealed from, the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference was, in effect, denied as academic in light of the Supreme Court's directing dismissal of the complaint, we remit the matter to the Supreme Court, Queens County, for a determination of the plaintiff's motion on the merits (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180; Aurora Loan Servs., LLC v Gross, 139 AD3d 772, 774).
LEVENTHAL, J.P., HINDS-RADIX, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court