U.S. Bank N.A. v Pepe (2018 NY Slip Op 03168)





U.S. Bank N.A. v Pepe


2018 NY Slip Op 03168


Decided on May 2, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-10357
 (Index No. 29487/09)

[*1]U.S. Bank National Association, etc., appellant,
v
Anthony Pepe, respondent, et al., defendants.


Shapiro, DiCaro & Barak (Reed Smith LLP, New York, NY [Andrew B. Messite and Joseph B. Teig], of counsel), for appellant.
C. Steve Okenwa, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Sylvia G. Ash, J.), dated September 7, 2016. The order, upon a hearing to determine the validity of service of process and a report of a referee (Miriam P. Sunshine, R.), dated May 26, 2016, in effect, granted the motion of the defendant Anthony Pepe pursuant to CPLR 4403 to confirm the referee's report, to vacate a judgment of foreclosure and sale of the same court (David Schmidt, J.), dated October 27, 2014, and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant Anthony Pepe is denied, and the judgment of foreclosure and sale dated October 27, 2014, is reinstated.
In November 2009, the plaintiff commenced this action against Anthony Pepe (hereinafter the defendant), among others, to foreclose a mortgage. The defendant failed to timely appear or answer the complaint. Thereafter, the Supreme Court, upon the plaintiff's motion, issued a judgment of foreclosure and sale dated October 27, 2014. In June 2015, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale and to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction based on improper service. In opposition, the plaintiff argued that the defendant waived any objection to personal jurisdiction by appearing in the action. By order dated October 7, 2015, the Supreme Court referred the matter to a referee for a hearing to determine the validity of service of process. After the hearing, the referee issued a report in which she found that service was not properly made and that jurisdiction was not obtained over the defendant. The defendant moved pursuant to CPLR 4403 to confirm the referee's report, to vacate the judgment of foreclosure and sale, and to dismiss the action insofar as asserted against him for lack of personal jurisdiction. The plaintiff again argued in opposition that the defendant waived any objection to personal jurisdiction by appearing in the action. In an order dated September 7, 2016, the court granted the defendant's motion. The plaintiff appeals, and we reverse.
The filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack [*2]of personal jurisdiction (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984; National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 537-538). Here, the defendant's counsel filed a notice of appearance dated September 4, 2012. The record does not show that the defendant asserted lack of personal jurisdiction in a responsive pleading. Moreover, the defendant did not move to dismiss the complaint for lack of personal jurisdiction until almost three years after appearing in the action, after the judgment of foreclosure and sale had been issued. Under those circumstances, the defendant waived any claim that the court lacked personal jurisdiction over him in this action (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d at 1182).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court should have denied the defendant's motion.
RIVERA, J.P., MILLER, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court