Deutsche Bank Natl. Trust Co. v Vu (2018 NY Slip Op 08629)





Deutsche Bank Natl. Trust Co. v Vu


2018 NY Slip Op 08629


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SANDRA L. SGROI
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-05009
2016-12714
 (Index No. 130638/10)

[*1]Deutsche Bank National Trust Company, etc., appellant,
v
Vivien Vu, respondent, et al., defendants.


Phillips Lytle LLP, New York, NY (Sean C. McPhee and Erin E. Connare of counsel), for appellant.
Petroff Amshen LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, Christopher Villanti, and David R. Smith of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from (1) an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated March 2, 2016, and (2) an order of the same court dated October 21, 2016. The order dated March 2, 2016, insofar as appealed from, after a hearing to determine the validity of service (Kenneth McGrail, Ct. Atty. Ref.), granted the motion of the defendant Vivien Vu to confirm the report of a special referee, to vacate an order of reference dated February 10, 2014, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and denied, in effect, as academic, the plaintiff's motion for leave to enter a judgment of foreclosure and sale. The order dated October 21, 2016, denied the plaintiff's motion for leave to reargue its opposition to that branch of that defendant's prior motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or, in the alternative, to extend the time to serve the summons and complaint pursuant to CPLR 306-b.
ORDERED that the order dated March 2, 2016, is reversed insofar as appealed from, on the law, the motion of the defendant Vivien Vu to confirm the report of the special referee, to vacate the order of the order of reference dated February 10, 2014, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction is denied, and the matter is remitted to the Supreme Court, Richmond County, for a determination, on the merits, of the plaintiff's motion for leave to enter a judgment of foreclosure and sale; and it is further,
ORDERED that the appeal from so much of the order dated October 21, 2016, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from the denial of reargument; and it is further,
ORDERED that the appeal from so much of the order dated October 21, 2016, as denied that branch of the plaintiff's motion which was to extend the time to serve the summons and complaint pursuant to CPLR 306-b is dismissed as academic in light of our determination on the appeal from the order dated March 2, 2016; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In April 2010, the plaintiff commenced this mortgage foreclosure action against Vivien Vu (hereinafter the defendant), among others. The defendant allegedly was served with the summons and complaint pursuant to CPLR 308(2), but did not interpose an answer. The parties unsuccessfully engaged in mandatory settlement conferences. Thereafter, the plaintiff sought and obtained an ex parte order of reference dated February 10, 2014.
In November 2014, counsel for the defendant filed a notice of appearance dated October 31, 2014. In December 2014, the plaintiff moved for leave to enter a judgment of foreclosure and sale. Also in December 2014, the defendant moved to vacate the order of reference pursuant to, inter alia, CPLR 5015(a)(3) and (4), and for leave to file a late answer, averring that she was never served with the summons and complaint, and that the court lacked personal jurisdiction over her. The plaintiff opposed the defendant's motion. The Supreme Court referred the question of whether the plaintiff effectuated proper service upon the defendant to a special referee to hear and report. After a hearing to determine the validity of service of process, the special referee concluded that the plaintiff failed to meet its burden of establishing proper service upon the defendant. In September 2015, the defendant moved to confirm the referee's report, to vacate the order of reference, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. In an order dated March 2, 2016, the court, inter alia, granted the defendant's motion to confirm the referee's report, to vacate the order of reference, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and denied, in effect, as academic, the plaintiff's motion for leave to enter a judgment of foreclosure and sale. Thereafter, the plaintiff moved for leave to reargue its opposition to that branch of the defendant's prior motion which was to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, or, in the alternative, to extend the time to serve the summons and complaint pursuant to CPLR 306-b. By order dated October 21, 2016, the court denied the plaintiff's motion. The plaintiff appeals from both orders.
"The filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction" (U.S. Bank N.A. v Pepe, 161 AD3d 811, 812; see Wilmington Sav. Fund Socy. FSB v Zimmerman, 157 AD3d 846, 847; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984). Here, in November 2014, the defendant's attorney appeared in the action on her behalf by filing a notice of appearance dated October 31, 2014, and did not move to dismiss the complaint on the ground of lack of personal jurisdiction at that time, or assert lack of personal jurisdiction in a responsive pleading (see American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d at 1181-1182). The defendant did not move to dismiss the complaint until September 2015, 10 months after filing a notice of appearance. Under those circumstances, the defendant waived any claim that the Supreme Court lacked personal jurisdiction over her in this action (see U.S. Bank N.A. v Pepe, 161 AD3d at 813; Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d at 846-847).
Although the plaintiff raises this issue for the first time on appeal, it involves a question of law that appears on the face of the record, and could not have been avoided if brought to the attention of the Supreme Court (see U.S. Bank N.A. v Bassett, 137 AD3d 1109, 1110; Guy v Hatsis, 107 AD3d 671, 671-672). Accordingly, we reach the issue and determine that the defendant was not entitled to dismissal of the complaint insofar as asserted against her for lack of personal jurisdiction.
Accordingly, we reverse the order dated March 2, 2016, insofar as appealed from, deny the defendant's motion to confirm the special referee's report, to vacate the order of reference, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction, and remit the matter to the Supreme Court, Richmond County, for a determination, on the merits, of the plaintiff's motion for leave to enter a judgment of foreclosure and sale.
BALKIN, J.P., SGROI, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court