Mid-Island Mtge. Corp. v Johnson (2019 NY Slip Op 06081)





Mid-Island Mtge. Corp. v Johnson


2019 NY Slip Op 06081


Decided on August 7, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SHERI S. ROMAN
FRANCESCA E. CONNOLLY, JJ.


2017-07886
 (Index No. 9817/11)

[*1]Mid-Island Mortgage Corp., respondent,
v
Kenneth G. Johnson, et al., defendants, Cordella Johnson, appellant.


Rosenfeld Law Office, Lawrence, NY (Avinoam Rosenfeld of counsel), for appellant.
Stagg, Terenzi, Confusione & Wabnik, Garden City, NY (Ronald P. Labeck of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Cordella Johnson appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated June 22, 2017. The order denied that defendant's motion to stay the sale of the subject mortgaged property, vacate the judgment of foreclosure and sale, and dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
On August 13, 2003, the defendants Cordella Johnson (hereinafter Cordella) and Kenneth G. Johnson (hereinafter Kenneth) executed a note in the amount of $243,000 secured by a mortgage on certain real property located in Brooklyn. On April 29, 2011, as the alleged successor in interest to the note and mortgage, the plaintiff commenced this action to foreclose the mortgage, alleging that Cordella and Kenneth had defaulted under the terms of the note. According to the relevant affidavit of service, on May 3, 2011, the plaintiff served Cordella with the summons and complaint by personally delivering them to her.
Cordella's counsel filed a notice of appearance dated May 23, 2011. Thereafter, Cordella failed to interpose an answer or move pursuant to CPLR 3211 to dismiss the complaint in the time required by law. Ultimately, the plaintiff obtained a judgment of foreclosure and sale.
Two days before the scheduled foreclosure sale, Cordella moved via order to show cause to stay the sale, vacate the judgment of foreclosure and sale, and dismiss the complaint insofar as asserted against her, based on her claim of lack of personal jurisdiction due to improper service. The plaintiff opposed the motion, and the Supreme Court denied the motion based on Cordella's appearance in the action by counsel on May 23, 2011, and failure thereafter to timely contest service. Cordella appeals.
Pursuant to CPLR 320(a), a "defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer." With the exception of certain circumstances not relevant here (see CPLR 320[c]), "an appearance of the [*2]defendant is equivalent to personal service of the summons upon [her or] him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of [CPLR] 3211 is asserted by motion or in the answer as provided in [CPLR] 3211" (CPLR 320[b]). " By statute, a party may appear in an action by attorney (CPLR 321), and such an appearance constitutes an appearance by the party for purposes of conferring jurisdiction'" (American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181, quoting Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140). Thus, "[t]he filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction" (U.S. Bank N.A. v Pepe, 161 AD3d 811, 812).
Here, Cordella appeared in the action by her counsel's filing of the notice of appearance dated May 23, 2011. The record does not reflect that Cordella asserted lack of personal jurisdiction in a responsive pleading, and she did not move to dismiss the complaint for lack of personal jurisdiction until several years after appearing in the action, after the judgment of foreclosure and sale had been issued. Under such circumstances, Cordella waived any claim that the Supreme Court lacked personal jurisdiction over her in this action (see Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d 844, 846; U.S. Bank N.A. v Pepe, 161 AD3d at 813; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d at 1181-1182). Accordingly, we agree with the Supreme Court's denial of Cordella's motion to stay the sale of the subject mortgaged property, vacate the judgment of foreclosure and sale, and dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
In light of the foregoing, we need not reach Cordella's remaining contention.
MASTRO, J.P., BALKIN, ROMAN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court