JP Morgan Chase Bank, N.A. v Jacobowitz (2019 NY Slip Op 07773)





JP Morgan Chase Bank, N.A. v Jacobowitz


2019 NY Slip Op 07773


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
JOSEPH J. MALTESE
HECTOR D. LASALLE, JJ.


2016-11518
 (Index No. 19911/13)

[*1]JP Morgan Chase Bank, National Association, respondent,
v
Solomon Jacobowitz, et al., appellants, et al., defendants.


Henry Kohn, Brooklyn, NY, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Solomon Jacobowitz and Ricki Jacobowitz appeal from an order of the Supreme Court, Kings County (Michelle Weston, J.), dated August 22, 2016. The order denied the motion of those defendants pursuant to CPLR 5015(a)(4) to vacate an order of reference of the same court dated June 1, 2015, and to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated August 22, 2016, is affirmed, with costs.
On November 12, 2013, the plaintiff commenced this action to foreclose a mortgage given by the defendants Solomon Jacobowitz and Ricki Jacobowitz (hereinafter together the defendants). A process server's affidavits of service attested that on November 16, 2013, the summons and complaint were delivered to a person of suitable age and discretion at the subject property and that copies thereof were subsequently mailed to that address (see CPLR 308[2]). The defendants did not interpose an answer to the complaint or participate in mandatory foreclosure settlement conferences, and they did not oppose the plaintiff's motion for an order of reference, which was granted in an order dated June 1, 2015. On January 10, 2016, the defendants moved pursuant to CPLR 5015(a)(4) to vacate the order of reference and to dismiss the complaint insofar as asserted against them, arguing that service upon them was defective. The plaintiff opposed the motion, arguing, inter alia, that the defendants had waived the defense of lack of personal jurisdiction. The Supreme Court denied the motion, and the defendants appeal.
" The filing of a notice of appearance in an action by a party's counsel serves as a waiver of any objection to personal jurisdiction in the absence of either the service of an answer which raises a jurisdictional objection, or a motion to dismiss pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction'" (Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d 844, 846, quoting U.S. Bank N.A. v Pepe, 161 AD3d 811, 812; see U.S. Bank N.A. v Adolphe, 170 AD3d 1236; JPMorgan Chase Bank, N.A. v Soussis, 165 AD3d 1240; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983).
Here, the defendants' counsel filed a notice of appearance dated February 25, 2015, and the defendants did not move to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction at that time, or assert lack of personal jurisdiction in a [*2]responsive pleading (see U.S. Bank N.A. v Adolphe, 170 AD3d at 1236; Deutsche Bank Natl. Trust Co. v Vu, 167 AD3d at 846; JPMorgan Chase Bank, N.A. v Soussis, 165 AD3d at 1241; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d at 1182). It is immaterial that the notice of appearance, in addition to requesting that all papers in the action be served on the defendants' counsel, stated that "[t]he Defendants do not waive any jurisdictional defenses by reason of the within appearance." This language is not a talisman to protect the defendants from their failure to take timely and appropriate action to preserve their defense of lack of personal jurisdiction. The defendants did not move to dismiss the complaint insofar as asserted against them on the ground of lack of personal jurisdiction until January 2016, more than 10 months after filing the notice of appearance. Under these circumstances, the defendants waived any claim that the Supreme Court lacked personal jurisdiction over them in this action.
In light of the defendants' waiver, their remaining contentions have been rendered academic (see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128; Bank of N.Y. Mellon v Selig, 165 AD3d 872).
Accordingly, we agree with the Supreme Court's determination to deny the defendants' motion to vacate the order of reference and to dismiss the complaint insofar as asserted against them.
SCHEINKMAN, P.J., MILLER, MALTESE and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court