Residential Credit Solutions, Inc. v Guzman (2019 NY Slip Op 09313)





Residential Credit Solutions, Inc. v Guzman


2019 NY Slip Op 09313


Decided on December 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2017-07764
 (Index No. 4017/10)

[*1]Residential Credit Solutions, Inc., respondent,
v
Rene Guzman, etc., appellant, et al., defendants.


Ronald D. Weiss, P.C., Melville, NY (William Birmingham of counsel), for appellant.
Stern & Eisenberg, P.C., Depew, NY (Anthony P. Scali and Peter Lawrence of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Rene Guzman appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (Leslie J. Purificacion, J.), entered May 24, 2017. The judgment, upon an order of the same court entered May 2, 2017, denying that defendant's motion pursuant to CPLR 5015(a)(4) to vacate an order of reference dated April 24, 2013, entered upon his default in answering the complaint, and pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction, inter alia, directed the sale of the subject property. The notice of appeal from the order entered May 2, 2017, is deemed to be a notice of appeal from the judgment of foreclosure and sale (see CPLR 5512[a]).
ORDERED that the judgment of foreclosure and sale is affirmed, with costs.
In February 2010, the plaintiff's assignor, American Home Mortgage Servicing, Inc., commenced this action to foreclose a mortgage against, among others, the defendant Rene Guzman (hereinafter the defendant). Although the defendant did not file a timely answer, notices of appearance were filed on his behalf by two successive attorneys. The defendant did not raise an objection to personal jurisdiction at the time of filing either notice of appearance. On April 24, 2013, the plaintiff's unopposed motion for an order of reference was granted.
In November 2016, the defendant moved to vacate the order of reference, and to dismiss the complaint for lack of personal jurisdiction. In an order entered May 2, 2017, the Supreme Court denied the defendant's motion, finding that he had waived any objection to personal jurisdiction. A judgment of foreclosure and sale was entered on May 24, 2017. The defendant appeals.
We agree with the Supreme Court's determination that the defendant waived any claim that the court lacked personal jurisdiction over him. "[A]n appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided [*2]in rule 3211" (CPLR 320[b]). "By statute, a party may appear in an action by attorney, and such an appearance constitutes an appearance by the party for purposes of conferring jurisdiction" (Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140 [citation omitted]). Here, notices of appearance were filed by two successive attorneys who represented the defendant, and neither of the attorneys nor the defendant raised an objection to jurisdiction by way of an answer or motion to dismiss under CPLR 3211 (see Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 847; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181-1182). Moreover, the defendant informally appeared in the proceedings "by actively litigating the action before the court" (Taveras v City of New York, 108 AD3d 614, 617) when he engaged in motion practice without raising an objection to personal jurisdiction (see HSBC Bank USA, N.A. v Taub, 170 AD3d 1128, 1130). Accordingly, the defendant waived any objection on the ground of lack of personal jurisdiction, and we agree with the court's determination to deny his motion to vacate the order of reference and to dismiss the complaint.
The defendant's remaining contentions need not be reached in light of our determination.
MASTRO, J.P., LEVENTHAL, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court