Flushing Bank v Sabi (2020 NY Slip Op 02461)





Flushing Bank v Sabi


2020 NY Slip Op 02461


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-00787 
2017-00789
2017-08471
 (Index No. 13432/11)

[*1]Flushing Bank, etc., respondent,
v
Angel Sabi, appellant, et al., defendants.


William D. Goodman, Great Neck, NY, for appellant.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Heather R. Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Angel Sabi appeals from (1) an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated September 27, 2016, (2) an order of reference of the same court, also dated September 27, 2016, and (3) an order and judgment of foreclosure and sale (one paper) of the same court dated April 6, 2017. The order, in effect, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Angel Sabi and for an order of reference, and denied that defendant's cross motion to dismiss the complaint insofar as asserted against her. The order of reference, insofar as appealed from, granted that same relief and appointed a referee to ascertain and compute the amount due on the loan. The order and judgment of foreclosure and sale granted the plaintiff's motion for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the appeals from the order and the order of reference are dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, the plaintiff's motion for a judgment of foreclosure and sale is denied, those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant Angel Sabi and for an order of reference are denied, that branch of the cross motion of the defendant Angel Sabi which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted, and the order and the order of reference are modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendant Angel Sabi.
The appeals from the order and the order of reference must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order and the order of reference are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]).
In September 2011, the plaintiff commenced this action against the defendant Angel Sabi (hereinafter the defendant), among others, to foreclose a mortgage on residential property located in Kings Point. The defendant failed to answer the complaint.
Almost four years later, in April and July of 2015, the plaintiff and the defendant attended mandatory residential mortgage foreclosure settlement conferences. In July 2015, the case was released from the conference part.
Thereafter, in February 2016, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211(a)(8) for lack of personal jurisdiction, or pursuant to CPLR 3215(c) as abandoned.
The Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, denied the defendant's cross motion to dismiss the complaint insofar as asserted against her, and appointed a referee to ascertain and compute the amount due on the loan. The court thereafter entered an order and judgment of foreclosure and sale granting the plaintiff's motion for a judgment of foreclosure and sale and directing the sale of the subject property. The defendant appeals.
The defendant's contention that her cross motion to dismiss the complaint insofar as asserted against her should have been granted because of lack of proper service is without merit. The plaintiff submitted an affidavit of service dated October 5, 2011, which indicates that service of the summons and complaint was made upon the defendant by personal delivery to a person of suitable age and discretion at the address of the defendant's usual place of abode within the state in Great Neck, and by mailing the pleadings to that same address within 20 days of such delivery. Ordinarily, "[a] process server's affidavit of service constitutes prima facie evidence of proper service" (Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984 [internal quotation marks omitted]; see U.S. Bank N.A. v Telford, 153 AD3d 881, 881-882). "Although a defendant's sworn denial of receipt of service generally rebuts the presumption of proper service established by the process server's affidavit and necessitates an evidentiary hearing" (Countrywide Home Loans Servicing, LP v Albert, 78 AD3d at 984 [internal quotation marks omitted]), bare and unsubstantiated denials are insufficient to overcome the presumption raised by the affidavit of service, and no hearing is required when the defendant fails to swear to specific facts to rebut the statements provided in the process server's affidavit (see HSBC Bank USA v Archer, 173 AD3d 984, 985).
Here, the defendant's bare and unsubstantiated denial of service was insufficient to rebut the presumption of valid service arising from the process server's affidavit or to warrant a hearing on the issue (see id. at 985).
However, the Supreme Court should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. CPLR 3215(c) provides, inter alia, that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after the default, the court shall not enter judgment but shall dismiss the complaint as abandoned, . . . unless sufficient cause is shown why the complaint should not be dismissed." "To establish sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (Aurora Loan Servs., LLC v Hiyo, 130 AD3d 763, 764; see Giglio v NTIMP, Inc., 86 AD3d 301, 308).
Here, the plaintiff provided no explanation for the almost four-year delay after the defendant defaulted in 2011 before it filed a request for judicial intervention in February 2015 requesting a residential mortgage foreclosure settlement conference. Under such circumstances, the Supreme Court should have found that the plaintiff had not demonstrated a reasonable excuse for its delay in seeking a default judgment (see BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995-996). Since the plaintiff failed to proffer a reasonable excuse, this Court need not consider whether the plaintiff demonstrated a potentially meritorious action (see id. at 996; U.S. Bank, N.A. [*2]v Dorvelus, 140 AD3d 850, 852).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference, and should have granted that branch of the defendant's cross motion which was pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
DILLON, J.P., DUFFY, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court