Bank of N.Y. Mellon Trust Co., N.A. v Kahn (2021 NY Slip Op 01958)





Bank of N.Y. Mellon Trust Co., N.A. v Kahn


2021 NY Slip Op 01958


Decided on March 31, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 31, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2018-09976
 (Index No. 70021/17)

[*1]Bank of New York Mellon Trust Company, N.A., etc., respondent, 
v
Harold M. Kahn, etc., et al., appellants, et al., defendants.


The Law Offices of Lawrence Katz, PLLC, Valley Stream, NY, for appellants.
Parker Ibrahim & Berg, New York, NY (Charles W. Miller III and Anthony P. Scali of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Deborah Kahn and Harold Kahn appeal from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated July 5, 2018. The order denied, without a hearing, the motion of those defendants pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction.
ORDERED that the order is affirmed, with costs.
In December 2017, the plaintiff commenced this action against, among others, the defendants Deborah Kahn and Harold Kahn (hereinafter together the defendants) to foreclose a mortgage encumbering property in Mamaroneck (hereinafter the property). Thereafter, in February 2018, the defendants moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction. In an order dated July 5, 2018, the Supreme Court denied the motion without a hearing. The defendants appeal.
The Supreme Court properly denied the defendants' motion to dismiss without a hearing. A process server's affidavit of service constitutes prima facie evidence of proper service (see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 892; Washington Mut. Bank v Huggins, 140 AD3d 858, 859). Bare and unsubstantiated denials are insufficient to rebut the presumption of valid service (see Flushing Bank v Sabi, 182 AD3d 582, 584). Here, the plaintiff submitted the affidavits of a process server who attested that, on December 27, 2017, the summons and complaint were delivered to a cotenant of suitable age and discretion at the property and that copies thereof were subsequently mailed to that address (see CPLR 308[2]). The plaintiff's affidavits of service constituted prima facie proof of proper service upon the defendants pursuant to CPLR 308(2) (see Roberts v Anka, 45 AD3d 752,753-754). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (Washington Mut. Bank v Huggins, 140 AD3d at 859; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d at 892). The affidavits of the defendants submitted in support of their motion to dismiss were not sufficient to rebut the process server's affidavits or to warrant a hearing on the issue (see Flushing Bank v Sabi, 182 AD3d at 594; Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d at 892).
The defendants' remaining contention is without merit.
CHAMBERS, J.P., MILLER, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court