Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee (2022 NY Slip Op 00996)





Bank of N.Y. Mellon Trust Co. v Kyung Soon Lee


2022 NY Slip Op 00996


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2019-09883
 (Index No. 29138/13)

[*1]Bank of New York Mellon Trust Company, etc., respondent, 
v
Kyung Soon Lee, appellant, et al., defendants.


Christopher Thompson, West Islip, NY, for appellant.
Duane Morris, LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Kyung Soon Lee appeals from an order of the Supreme Court, Suffolk County (James Hudson, J.), dated December 31, 2018. The order denied that defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Kyung Soon Lee pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned is granted.
On October 30, 2013, the plaintiff commenced this action against the defendant Kyung Soon Lee (hereinafter the defendant), among others, to foreclose a mortgage on a condominium unit in Mount Sinai (hereinafter the premises). On November 4, 2013, the plaintiff filed a supplemental summons and amended complaint. The defendant failed to answer the amended complaint or otherwise appear in the action. In March 2018, the defendant moved pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned. The plaintiff opposed the motion. The Supreme Court denied the motion, and the defendant appeals.
Contrary to the Supreme Court's determination, the defendant's failure to move to vacate her default in answering the complaint or appearing in the action did not preclude her from seeking dismissal of the complaint pursuant to CPLR 3215(c) (see HSBC Bank USA, N.A. v Jessup, 194 AD3d 1026, 1027; HSBC Bank USA, N.A. v Slone, 174 AD3d 866, 866-867).
CPLR 3215(c) provides that "[i]f the plaintiff fails to take proceedings for the entry of judgment within one year after [a] default, the court shall not enter judgment but shall dismiss the complaint as abandoned, without costs, upon its own initiative or on motion, unless sufficient cause is shown why the complaint should not be dismissed." "The language of CPLR 3215(c) is not, in the first instance, discretionary, but mandatory, inasmuch as courts 'shall' dismiss claims (CPLR 3215[c]) for which default judgments are not sought within the requisite one-year period, as those claims are then deemed abandoned" (Giglio v NTIMP, Inc., 86 AD3d 301, 307). "The one exception to the otherwise mandatory language of CPLR 3215(c) is that the failure to timely seek a default on an unanswered complaint or counterclaim may be excused if sufficient cause is shown why the [*2]complaint should not be dismissed" (Deutsche Bank Natl. Trust Co. v Brathwaite, 197 AD3d 557, 557-558 [internal quotation marks omitted]). "To establish 'sufficient cause,' the party opposing dismissal must demonstrate that it had a reasonable excuse for the delay in taking proceedings for entry of a default judgment and that it has a potentially meritorious action" (U.S. Bank N.A. v Moster, 196 AD3d 663, 664 [internal quotation marks omitted]; see 1200 Bedford Ave., LLC v Grace Baptist Church, 199 AD3d 971).
Here, the defendant was served with the supplemental summons and amended complaint pursuant to CPLR 308(4) on December 14, 2013, and the affidavit of service was filed on January 6, 2014. Service therefore was complete 10 days later, on January 16, 2014 (see CPLR 308[4]). The defendant defaulted by failing to appear or answer the complaint within 30 days after service was complete (see CPLR 308[4]; 320[a]). It is undisputed that the plaintiff took no proceedings toward entry of a default judgment within a year after the defendant's default.
In opposition to the defendant's motion, the plaintiff failed to demonstrate a reasonable excuse for its failure to timely seek a default judgment. The plaintiff did not file a request for judicial intervention seeking a foreclosure settlement conference until December 28, 2015, approximately 22 months after the defendant's default (see Flushing Bank v Sabi, 182 AD3d 582, 584; BAC Home Loans Servicing, L.P. v Bertram, 171 AD3d 994, 995-996). Even after the matter was released from the foreclosure settlement part on March 14, 2016, the plaintiff took no steps toward obtaining a default judgment before the defendant moved to dismiss the complaint as abandoned in March 2018 (see CitiMortgage, Inc. v Goldstein, 187 AD3d 841, 843-844; HSBC Bank USA, N.A. v Slone, 174 AD3d at 867). Contrary to the plaintiff's contention, it failed to demonstrate a reasonable excuse for its delay based on its opposition to a motion to implead it in a separate action by the homeowners association for the premises to foreclose on a lien for unpaid common charges. Since that motion was made after the one-year statutory deadline had already passed, the plaintiff's claim that it needed to oppose the motion before seeking a default judgment herein was legally insufficient to justify the plaintiff's failure to take proceedings for entry of a default judgment within one year after the defendant's default (see US Bank N.A. v Davis, 196 AD3d 530, 534; Ixis Real Estate Capital, Inc. v Herbst, 170 AD3d 691, 692; JBBNY, LLC v Begum, 156 AD3d 769, 772). Since the plaintiff failed to demonstrate a reasonable excuse for its delay in seeking a default judgment, we need not consider whether it had a potentially meritorious cause of action (see Flushing Bank v Sabi, 182 AD3d at 584; U.S. Bank N.A. v Penate, 176 AD3d 758, 761).
Accordingly, the Supreme Court should have granted the defendant's motion pursuant to CPLR 3215(c) to dismiss the complaint insofar as asserted against her as abandoned.
BARROS, J.P., CHAMBERS, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court