■ RONALD GROSS, Appellant, v JOEL FRUCHTER, Respondent. [646 NYS2d 53] —In an action to recover on a promissory note, the plaintiff appeals from an order of the Supreme Court, Kings County (Golden, J.), dated May 16, 1995, which denied his motion for summary judgment in lieu of complaint pursuant to CPLR 3213.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the matter is remitted to the Supreme Court, Kings County, for entry of an appropriate judgment.

Initially, the process server's affidavit established prima facie proof of service under CPLR 308 (4), and the defendant's allegations failed to rebut the veracity or content of the affidavit *(see, Genway Corp. v Elgut,* 177 AD2d 467; *Del Priore v Furnival Mach. Co.,* 124 AD2d 695).

The plaintiff established prima facie his entitlement to judgment as a matter of law by producing the promissory note executed by the defendant and demonstrating that he failed to pay it *(see, Bennell Hanover Assocs. v Neilson,* 215 AD2d 710; *Silber v Muschel,* 190 AD2d 727). It was, therefore, incumbent on the defendant to establish the existence of a triable issue of fact. The defendant's allegation that there was an oral agreement that he would not have to repay the note until his financial condition improved is barred by the parol evidence rule *(see, Central Fed. Sav. v Berk,* 215 AD2d 520; *see also, Benderson Dev. Co. v Hallaway Props.,* 67 NY2d 963; *Falco v Thorne,* 225 AD2d 582).

Moreover, the Supreme Court erred in concluding that there was a triable issue of fact as to whether the demand for payment was made within a reasonable time pursuant to UCC 3-503. Presentment for payment is not necessary to charge the maker of a demand note *(see, Dunning v Dunning,* 300 NY 341; *Bank of N. Y. v Bersani,* 90 AD2d 302, 305; 80 NY Jur 2d, Negotiable Instruments and other Commercial Paper, §§ 377, 382). Accordingly, the plaintiff is entitled to summary judgment. Bracken, J. P., Thompson, Krausman and Florio, JJ., concur.