■ NATIONAL LOAN INVESTORS, L.P., Respondent, v PHILIP PISCITELLO, JR., Appellant, et al., Defendants. [801 NYS2d 331]—

In an action to foreclose a mortgage, the defendant Philip Piscitello, Jr., appeals from an order of the Supreme Court, Suffolk County (Mullen, J.), dated December 8, 2004, which denied his motion, in effect, to vacate his default in answering and to dismiss the complaint pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction.

Ordered that the order is affirmed, with costs.

Generally, "[a]n appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him, and therefore confers personal jurisdiction over him, unless he asserts an objection to jurisdiction either by way of motion or in his answer . . . By statute, a party may appear in an action by attorney (CPLR 321), and such an appearance constitutes an appearance by the party for purposes of conferring

jurisdiction" (*Skyline Agency v Ambrose Coppotelli, Inc.*, 117 AD2d 135, 140 [1986]). Contrary to the appellant's contentions, he failed to demonstrate that the appearance of his attorney, Leif Rubenstein, on his behalf in this action, was unauthorized. The documentary evidence established that Rubenstein was retained to provide representation in both a bankruptcy matter and this foreclosure action (*cf. New Is. Invs. v Wynne,* 251 AD2d 560 [1998]; *Greenpoint Sav. Bank v Mione,* 213 AD2d 375 [1995]). Indeed, the appellant failed to explain how Rubenstein knew to file a notice of appearance in the foreclosure action other than as a result of the appellant having provided Rubenstein with a copy of the summons and complaint (*see Simmons First Natl. Bank v Mandracchia,* 248 AD2d 375 [1998]). In any event, the Supreme Court correctly determined that the appellant was properly served pursuant to CPLR 308 (4) (*see 96 Pierrepont v Mauro,* 304 AD2d 631 [2003]; *Matrix Fin. Servs. Corp. v McKiernan,* 295 AD2d 579, 580 [2002]; *Simmons First Natl. Bank v Mandracchia, supra; Gross v Fruchter,* 230 AD2d 710, 711 [1996]). Therefore, that branch of the appellant's motion which was to dismiss the action pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction was properly denied.

The Supreme Court likewise correctly determined that the appellant's defense to foreclosure was without merit. Even if the commencement of this action was barred by the statute of limitations (*see EMC Mtge. Corp. v Patella,* 279 AD2d 604, 605-606 [2001]), the appellant's bankruptcy filing, in which he acknowledged the mortgage debt and promised to repay it within six months, sufficed to extend the statute of limitations (*see* General Obligations Law § 17-105 [1]; *Albin v Dallacqua,* 254 AD2d 444 [1998]). We note that there is no evidence properly in the record establishing that the plaintiff rejected the appellant's bankruptcy plan as this matter was raised for the first time in the appellant's reply papers on the motion (*see Dobin v Town of Islip,* 11 AD3d 577, 579 [2004]; *Sanz v Discount Auto,* 10 AD3d 395 [2004]; *Rengifo v City of New York,* 7 AD3d 773 [2004]; *Martin v New York Hosp.,* 295 AD2d 485, 486 [2002]).

The appellant's remaining contentions are without merit. Schmidt, J.P., S. Miller, Santucci and Skelos, JJ., concur.