■ In the Matter of TYLAN C., Also Known as BRIANNA B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA H., Appellant, et al., Respondents. (Proceeding No. 1.) In the Matter of CHANTEL B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA H., Appellant, et al., Respondents. (Proceeding No. 2.) In the Matter of BOY B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA H., Appellant, et al., Respondents. (Proceeding No. 3.) In the Matter of JOEL C., Also Known as JOSEPH B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA H., Appellant, et

al., Respondents. (Proceeding No. 4.) In the Matter of CHANEL E.C., Also Known as ELIZABETH B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA H., Appellant, et al., Respondents. (Proceeding No. 5.) In the Matter of JUSTIN C., Also Known as JERMAINE B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; PATRICIA H., Appellant, et al., Respondents. (Proceeding No. 6.) [33 NYS3d 762]—Appeal from an order of fact-finding of the Family Court, Kings County (Ilana Gruebel, J.), dated October 6, 2014. The order, insofar as appealed from, after a fact-finding hearing, found that the appellant neglected the subject children.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The petitioner commenced these related child protective proceedings pursuant to Family Court Act article 10, alleging that the maternal grandmother (hereinafter the appellant) neglected the subject children. After a fact-finding hearing, the Family Court, inter alia, found that the appellant neglected the subject children.

The appellant's contention that she was not properly served with notice of the amended petitions is unpreserved for appellate review (see Family Ct Act § 1118; CPLR 5501 [a] [3]). Moreover, the appellant appeared in the proceedings in person and through her counsel, contested on the merits the allegation that she was legally responsible for the children, and failed to object to the exercise of personal jurisdiction over her (see CPLR 320; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984 [2010]; National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 537-538 [2005]; Matter of Larkin-King v King, 159 AD2d 626 [1990]). Thus, she waived her claim of lack of personal jurisdiction.

The appellant's remaining contention is without merit. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.