U.S. BANK, N.A., as Trustee for CITIGROUP MORTGAGE LOAN TRUST INC., 2007-AHL1, ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2007-AHL1, Respondent, v ELENA PERALTA, Appellant, et al., Defendants. [37 NYS3d 308]—

In an action to foreclose a mortgage, the defendant Elena Peralta appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Kings County (Dear, J.), dated November 3, 2014, which granted the plaintiff's motion to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.

Ordered that the order and judgment of foreclosure and sale is affirmed, with costs.

In this mortgage foreclosure action, the plaintiff moved to confirm a referee's report and for a judgment of foreclosure and sale. The defendant Elena Peralta opposed the motion, arguing, among other things, that she was never properly served with the summons and complaint. The Supreme Court concluded that service was proper and, in an order and judgment of foreclosure and sale, granted the plaintiff's motion and directed the sale of the subject property. Peralta appeals, arguing that she was entitled to a hearing to determine the validity of service of process.

The plaintiff bears the ultimate burden of proving by a preponderance of the evidence that jurisdiction over a defendant was obtained (*see Wern v D'Alessandro*, 219 AD2d 646, 647 [1995]; *Frankel v Schilling*, 149 AD2d 657, 659 [1989]; *Powell v Powell*, 114 AD2d 443, 444 [1985]). Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant was validly served (*see Wells Fargo Bank, N.A. v Christie*, 83 AD3d 824, 825 [2011]; *Verille v Kopic*, 304 AD2d 823 [2003]; *Frankel v Schilling*, 149 AD2d at 659; *Skyline Agency v Coppotelli, Inc.*, 117 AD2d 135, 139 [1986]). However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a

preponderance of the evidence at a hearing (*see Velez v Forcelli*, 125 AD3d 643, 644 [2015]; *Sileo v Victor*, 104 AD3d 669, 670 [2013]; *Dime Sav. Bank of N.Y. v Steinman*, 206 AD2d 404, 405 [1994]; *Frankel v Schilling*, 149 AD2d at 659; *Skyline Agency v Coppotelli, Inc.*, 117 AD2d at 139). A hearing is not required where the defendant fails to "swear to specific facts to rebut the statements in the process server's affidavits" (*Simonds v Grobman*, 277 AD2d 369, 370 [2000]; *see U.S. Bank N.A. v Losner*, 125 AD3d 640 [2015]; *Indymac Fed. Bank FSB v Quattrochi*, 99 AD3d 763, 764 [2012]; *Countrywide Home Loans Servicing, LP v Albert*, 78 AD3d 983, 984 [2010]; *Scarano v Scarano*, 63 AD3d 716 [2009]). Contrary to Peralta's contention, the Supreme Court correctly determined that her affidavit was insufficient to rebut the process server's affidavit. Accordingly, the Supreme Court correctly granted the plaintiff's motion without first holding a hearing. Balkin, J.P., Miller, Hinds-Radix and Brathwaite Nelson, JJ., concur.