■ JOSEPH FUENTES, Appellant, v BYRON ESPINAL, Respondent. [60 NYS3d 81]—

In an action, inter alia, to recover damages for assault, the plaintiff appeals from an order of the Supreme Court, Queens County (D. Hart, J.), entered March 31, 2016, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) and 306-b.

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for a hearing to determine whether personal jurisdiction over the defendant was obtained in the action, and for a new determination thereafter of the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) and 306-b.

The Supreme Court erred in granting the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) and 306-b without conducting a hearing. "CPLR 308 (2) authorizes service, inter alia, by delivery of the summons and complaint within the state to a person of suitable age and discretion at the defendant's dwelling place and mailing the summons to the defendant's last known residence" (*Bankers Trust Co. of Cal. v Tsoukas*, 303 AD2d 343, 343-344 [2003]; *see Citibank, N.A. v*

*Balsamo*, 144 AD3d 964, 964 [2016]; *Frankel v Schilling*, 149 AD2d 657, 659 [1989]). "Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant was validly served" (*U.S. Bank, N.A. v Peralta*, 142 AD3d 988, 988 [2016]; *see Citibank, N.A. v Balsamo*, 144 AD3d at 964). "However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (*U.S. Bank, N.A. v Peralta*, 142 AD3d at 988-989; *see Citibank, N.A. v Balsamo*, 144 AD3d at 964; *Frankel v Schilling*, 149 AD2d at 659).

Here, the plaintiff's affidavit of service constituted prima facie proof of proper service pursuant to CPLR 308 (2) upon the defendant (*see Citibank, N.A. v Balsamo*, 144 AD3d at 964). The process server averred, inter alia, that on May 23, 2015, at 7:38 p.m., he delivered the process papers at the defendant's residence to "Jane Doe," who was identified as a "co-tenant," a person of suitable age and discretion, and whose appearance was described as female, brown skin, black hair, aged 17 to 21 years old, 100 to 130 pounds, and 5'4" to 5'8" in height.

The defendant rebutted the process server's affidavit through his specific averments that, at the time of the purported service, he did not reside with anyone with the above description. The defendant averred that he lived with his 91-year-old grandmother and his 28-year-old sister. The defendant's description of his sister differed materially from the description of the unidentified woman identified by the process server in that his sister had red hair, was 28 years old, and weighed "well in excess of 130 lbs" at the time of the purported service (*see Frankel v Schilling*, 149 AD2d at 659). Moreover, the defendant averred that his sister was temporarily residing with his parents at a different address because she had recently given birth. Under these circumstances, the Supreme Court should have conducted a hearing to determine whether the defendant was properly served pursuant to CPLR 308 (2).

Accordingly, we remit the matter to the Supreme Court, Queens County, for a hearing on the issue of whether the defendant was properly served with process in accordance with CPLR 308 (2), and a new determination thereafter of the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (8) and 306-b. Eng, P.J., Leventhal, Sgroi and Maltese, JJ., concur.