Matter of Wilson v Brown (2018 NY Slip Op 04743)





Matter of Wilson v Brown


2018 NY Slip Op 04743


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2017-03026
 (Docket No. V-4977-13)

[*1]In the Matter of Thornan Wilson, respondent,
v
Crystal Brown, appellant.


Gary E. Eisenberg, New City, NY, for appellant.
Alex Smith, Middletown, NY, for respondent.
Kelli M. O'Brien, Goshen, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Orange County (Carol S. Klein, J.), dated March 1, 2017. The order, after a hearing, granted the father's petition for sole physical custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The mother and the father have one child in common. In May 2016, the father filed a petition to modify a prior custody order so as to award him sole physical custody of the child. The mother failed to appear in court on the initial appearance date for the father's petition, but her attorney was present and participated in the proceedings. The Family Court noted that the mother had been evading service of the father's petition, and determined that service of the petition via certified mail was sufficient. The father stated that he had served the mother via certified mail, and proffered a certified mail return receipt card. The court accepted the card as proof of service and scheduled an inquest on the father's petition.
Prior to the commencement of the inquest, at which the mother again did not appear, the mother's attorney gave the Judge a copy of a complaint which named the Judge, among others, as a defendant, and asserted that the mother had filed that complaint in federal court in Georgia. The mother's attorney argued that the Judge should recuse herself from the instant proceeding. The Judge declined to do so, in part, on the ground that she had not yet been served with that complaint. After the inquest, the Family Court granted the father sole physical and legal custody of the child. [*2]The mother appeals.
"An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him [or her], and therefore confers personal jurisdiction over him [or her], unless he [or she] asserts an objection to jurisdiction either by way of motion or in his [or her] answer" (Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984 [internal quotation marks omitted]; see National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 537-538). " By statute, a party may appear in an action by attorney (CPLR 321), and such an appearance constitutes an appearance by the party for purposes of conferring jurisdiction'" (National Loan Invs., L.P. v Piscitello, 21 AD3d at 537-538, quoting Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140). Here, by actively participating in the proceedings through her counsel, the mother waived any claim that the Family Court did not acquire personal jurisdiction over her (see Matter of Tylan C. [Patricia H.], 140 AD3d 1161, 1162; Matter of El-Sheemy v El-Sheemy, 35 AD3d 738, 739; Matter of Borggreen v Borggreen, 13 AD3d 756, 757; Matter of Fallon v Fallon, 4 AD3d 426, 427; Matter of Brozzo v Brozzo, 192 AD2d 878, 880).
Judiciary Law § 14 provides, inter alia, that "[a] judge shall not sit as such in, or take any part in the decision of, an action, claim, matter, motion or proceeding . . . in which he [or she] . . . is interested." " Absent a legal disqualification under Judiciary Law § 14, a Trial Judge is the sole arbiter of recusal'" (Matter of Bonefish Grill, LLC v Zoning Bd. of Appeals of the Vil. of Rockville Ctr., 153 AD3d 1394, 1397, quoting People v Moreno, 70 NY2d 403, 405; see Matter of Bianco v Bruce-Ross, 151 AD3d 716, 717; Stepping Stones Assoc., L.P. v Scialdone, 148 AD3d 855, 856; Trimarco v Data Treasury Corp., 146 AD3d 1004, 1008). "[A] judge has an obligation not to recuse himself or herself, even if sued in connection with his or her duties, unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance" (Trimarco v Data Treasury Corp., 146 AD3d at 1008 [internal quotation marks omitted]; see Silber v Silber, 84 AD3d 931, 932; Robert Marini Bldr. v Rao, 263 AD2d 846, 848). Here, the Judge providently exercised her discretion in declining to recuse herself (see Charter One Bank, FSB v Mills, 112 AD3d 1338; Matter of Khan v Dolly, 39 AD3d 649, 651).
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court