JPMorgan Chase Bank, N.A. v Soussis (2018 NY Slip Op 07294)





JPMorgan Chase Bank, N.A. v Soussis


2018 NY Slip Op 07294


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-10075
 (Index No. 7961/07)

[*1]JPMorgan Chase Bank, N.A., etc., respondent,
v
Julie Soussis, etc., appellant, et al., defendants.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Ballard Spahr, LLP, New York, NY (Adam Hartley of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Julie Soussis appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 1, 2016. The order, insofar as appealed from, denied those branches of that defendant's motion which were to vacate a judgment of foreclosure and sale of the same court dated November 13, 2008, and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In May 2007, the plaintiff commenced this action against the defendant Julie Soussis (hereinafter the defendant), among others, to foreclose a mortgage encumbering residential real property in Garden City. According to the affidavit of service, the defendant was served at 11:48 a.m. on May 10, 2007, at the subject property by delivery of the summons and complaint upon a person named "Daniel Horne," who was identified as a co-occupant. The process server also indicated that on May 11, 2007, he mailed the documents to the defendant at the defendant's address. On November 13, 2008, the Supreme Court signed a default judgment of foreclosure and sale in favor of the plaintiff and against all defendants upon their failure to answer. On or about May 22, 2015, the defendant's attorney served a notice of appearance on the plaintiff's attorneys and requested certain documents. By notice of motion dated January 7, 2016, the defendant moved, inter alia, to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. The Supreme Court denied those branches of the defendant's motion, and the defendant appeals.
The defendant waived any claim that the Supreme Court lacked personal jurisdiction over her. The defendant appeared in the action by serving a notice of appearance, and neither she nor her attorney moved to dismiss the complaint on the ground of lack of personal jurisdiction at that time or asserted lack of personal jurisdiction in a responsive pleading (see CPLR 320[a], [b]; U.S. Bank N.A. v Pepe, 161 AD3d 811, 812-813; Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d 846, 847; American Home Mtge. Servicing, Inc. v Arklis, 150 AD3d 1180, 1181; National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 538).
The defendant's contention that she was entitled to relief pursuant to CPLR 317 is [*2]improperly raised for the first time on appeal (see Deutsche Bank Natl. Trust Co. v Saketos, 158 AD3d 610, 612).
Accordingly, we agree with the Supreme Court's determination to deny those branches of the defendant's motion which were to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction (see Wilmington Sav. Fund Socy., FSB v Zimmerman, 157 AD3d at 847).
DILLON, J.P., BALKIN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court