US Bank, Natl. Assn. v Schumacher (2019 NY Slip Op 03839)





US Bank, Natl. Assn. v Schumacher


2019 NY Slip Op 03839


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2017-05486
 (Index No. 8073/14)

[*1]US Bank, National Association, etc., respondent,
v
Michelle Schumacher, etc., et al., defendants, Robert Schumacher, appellant.


Miller Rosado & Algios, LLP, Garden City, NY (Christopher Rosado of counsel),
for appellant.
Eckert Seamans Cherin & Mellot, LLC, White Plains, NY (Riyaz G. Bhimani of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Robert Schumacher appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated January 24, 2017. The order, insofar as appealed from, in effect, denied, without a hearing, that defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County for a hearing to determine whether personal jurisdiction over the defendant Robert Schumacher was obtained, and a new determination of his motion thereafter.
In this mortgage foreclosure action, the defendant Robert Schumacher (hereinafter the defendant) moved pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground that he was not properly served with the summons and complaint. The Supreme Court denied the motion without a hearing. The defendant appeals.
The Supreme Court should not have denied the defendant's motion pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him without conducting a hearing. CPLR 308(2) authorizes service, inter alia, by delivery of the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place, or usual place of abode of the person to be served, and by mailing the summons to the person to be served at his or her last
known residence or actual place of business. The term "usual place of abode" means a place at which the person lives with a degree of permanence and stability and to which he or she intends to return (see Feinstein v Bergner, 48 NY2d 234, 239, n 3; HSBC Bank USA, N.A. v Whitter, 159 AD3d 942, 945; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d 776, 777).
"Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant was validly served" (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988; see Fuentes v Espinal, 153 AD3d 500, 501; Citibank, N.A. v Balsamo, 144 AD3d 964, 964). "However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (U.S. Bank, N.A. v Peralta, 142 AD3d at 988-989; see Fuentes v Espinal, 153 AD3d at 501; Citibank, N.A. v Balsamo, 144 AD3d at 964).
Here, the plaintiff's affidavit of service constituted prima facie evidence of proper service pursuant to CPLR 308(2) upon the defendant (see Fuentes v Espinal, 153 AD3d at 501). The process server averred, inter alia, that on August 23, 2014, at 10:26 a.m., he served the defendant with the summons and complaint in this action by delivering them to Michelle Schumacher, the defendant's wife, a person of suitable age and discretion, who indicated that the premises were the defendant's dwelling place or usual place of abode in Hicksville.
However, the defendant rebutted the process server's affidavit through his specific averments that, at the time of the purported service, on August 23, 2014, the Hicksville address was not his residence, actual dwelling place, or usual place of abode. More specifically, the defendant averred that on August 23, 2014, he and his wife lived separate and apart, and that he lived in South Ozone Park, Queens. Moreover, the defendant submitted copies of a lease to the premises in Queens covering the period from October 1, 2012, to October 1, 2014; a Con Edison bill for electrical service at the address in Queens covering the period from July 30, 2014, to August 28, 2014; and an order of the Supreme Court, Nassau County, dated March 9, 2010, in a prior foreclosure action commenced by the plaintiff's predecessor in interest, dismissing that action. The order dated March 9, 2010, inter alia, directed dismissal of the complaint in the prior action upon a determination, made after a hearing to determine the propriety of service, that the Hicksville address was not the defendant's actual dwelling place or his usual place of abode on August 28, 2008, the date of purported service in that action. The plaintiff's submissions in opposition to the defendant's motion failed to establish that service was proper.
Under these circumstances, the Supreme Court should have conducted a hearing to determine whether the defendant was properly served pursuant to CPLR 308(2) (see Bank of Am., N.A. v Tobing, 145 AD3d 941, 942; see also Deutsche Bank Natl. Trust Co. v Stolzberg, 165 AD3d 624, 625-626; Bank of Am., N.A. v Latif, 148 AD3d 967, 969; Deutsche Bank Natl. Trust Co. v O'King, 148 AD3d at 777-778). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a hearing to determine whether personal jurisdiction over the defendant was obtained, and a new determination of his motion thereafter.
RIVERA, J.P., DILLON, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court