U.S. Bank N.A. v Caruana (2020 NY Slip Op 06473)





U.S. Bank N.A. v Caruana


2020 NY Slip Op 06473


Decided on November 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 12, 2020

Before: Gische, J.P., Gesmer, Kern, Kennedy, JJ. 


Index No. 850103/17 Appeal No. 12335 Case No. 2020-02010 

[*1]U.S. Bank National Association, as Trustee for JPMorgan Mortgage Trust 2006-6, Plaintiff-Appellant,
v
Quentin P. Caruana, Also Known as Quentin Phillip Caruana, etc., et al., Defendants-Respondents, JPMorgan Chase Bank N.A. et al., Defendants.


Hinshaw & Culbertson LLP, New York (Ashley R. Newman of counsel), for appellant.
Charles Wallshein, Melville, for respondent.



Order, Supreme Court, New York County (Melissa A. Crane, J.), entered September 30, 2019, which denied plaintiff's motion for summary judgment on its mortgage foreclosure complaint and granted defendants Quentin P. Caruana and Lina Caruana's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The motion court correctly dismissed the complaint as time-barred on the ground that the statement of intention filed by defendant Quentin P. Caruana in connection with his bankruptcy petition, in which he indicated, by checking a box, that the condominium would be retained and kept current, did not constitute the acknowledgment of the debt that is required to restart the expired statute of limitations under General Obligations Law (GOL) § 17-101, as plaintiff urged.
Initially, we note that, while GOL § 17-101 applies to contractual debts generally, the provision applicable to mortgage foreclosures in particular, and therefore controlling in this case, is § 17-105(1) (Batavia Townhouses, Ltd. v Council of Churches Hous. Dev. Fund Co., Inc., __ AD3d __, 2020 NY Slip Op 05331 [4th Dept 2020]; National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 538 [2d Dept 2005]).
GOL § 17-101 requires an acknowledgment of the debt or a promise to pay it; GOL § 17-105(1) requires a promise to pay the debt. Quentin's bankruptcy petition did not satisfy either provision, because it merely listed the mortgage debt at issue, neither expressly acknowledging the debt nor promising to pay it (see Petito v Piffath, 85 NY2d 1, 8 [1994], cert denied 516 US 864 [1995]; Batavia Townhouses, Ltd., 2020 NY Slip Op 05331 at *3; Piscitello, 21 AD3d at 538).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 12, 2020