U.S. Bank N.A. v Giraldo (2021 NY Slip Op 01282)





U.S. Bank N.A. v Giraldo


2021 NY Slip Op 01282


Decided on March 3, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 3, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-06655
 (Index No. 21752/06)

[*1]U.S. Bank National Association, etc., respondent,
v
Alphonso Giraldo, appellant, et al., defendants.


Mordente Law Firm LLC, Fresh Meadows, NY (Blake Abrash of counsel), for appellant.
Sandelands Eyet LLP, New York, NY (Kathleen Cavanaugh of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Alphonso Giraldo appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 28, 2017. The order denied, without a hearing, that defendant's motion pursuant to CPLR 5015(a) to vacate a judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him for lack of personal jurisdiction.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine whether personal jurisdiction over the defendant Alphonso Giraldo was obtained, and a new determination of his motion thereafter.
In this action to foreclose a mortgage, the Supreme Court entered a judgment of foreclosure and sale upon the defendants' default. The defendant Alphonso Giraldo moved pursuant to CPLR 5015(a)(1) and (4) to vacate the judgment of foreclosure and sale and pursuant to CPLR 3211(a)(8) to dismiss the complaint insofar as asserted against him on the ground, inter alia, that he was never served with the summons and complaint and, therefore, the court lacked personal jurisdiction over him. The plaintiff opposed Giraldo's motion. The court denied Giraldo's motion, and Giraldo appeals.
"When a defendant seeking to vacate a default judgment raises a jurisdictional objection pursuant to CPLR 5015(a)(4), the court is required to resolve the jurisdictional question before determining whether it is appropriate to grant a discretionary vacatur of the defendant under CPLR 5015(a)(1)" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 818; Roberts v Anka, 45 AD3d 752, 753). "'The burden of proving that personal jurisdiction has been acquired over a defendant in an action rests with the plaintiff'" (Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897, quoting Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589).
"Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308, and [a] defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action" (Wells Fargo Bank, NA v Spaulding, 177 AD3d at 819 [internal quotation marks and citations omitted]). "Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant [*2]was validly served" (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988; see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1137; Fuentes v Espinal, 153 AD3d 500, 501). "'However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing'" (US Bank, N.A. v Schumacher, 172 AD3d at 1138, quoting U.S. Bank, N.A. v Peralta, 142 AD3d at 988-989).
Here, the process server's affidavit of service constituted prima facie evidence of valid service pursuant to CPLR 308 (Wells Fargo Bank, NA v Spaulding, 177 AD3d at 819). However, Giraldo's affidavit in support of his motion, in which he denied that he was served, denied that he ever lived at the address where service was allegedly made, and set forth significant discrepancies between the process server's physical description of him and his actual physical appearance, was sufficient to rebut the process server's affidavit (id. at 819; FV-1, Inc. v Reid, 138 AD3d 922, 923-924; Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897).
Accordingly, a hearing is warranted on the issue of the validity of service of process upon Giraldo, and we remit the matter to the Supreme Court, Nassau County, for that purpose and a for a new determination of his motion thereafter.
In light of our determination, we need not reach the parties' remaining contentions.
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.

2017-06655 DECISION & ORDER ON MOTION
U.S. Bank National Association, etc., respondent,
v Alphonso Giraldo, appellant, et al., defendants.
(Index No. 21752/06)

Motion by the plaintiff to dismiss an appeal from an order of the Supreme Court, Nassau County, entered April 28, 2017, on the ground that the appellant was not an aggrieved party pursuant to CPLR 5511. By decision and order on motion of this Court dated January 22, 2018, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion, and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the motion is denied (see Citimortgage, Inc. v Etienne, 172 AD3d 808, 809; Mixon v TBV, Inc., 76 AD3d 144).
AUSTIN, J.P., MILLER, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court