Globe Trade Capital, LLC v Hoey (2021 NY Slip Op 06155)





Globe Trade Capital, LLC v Hoey


2021 NY Slip Op 06155


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2017-08054
 (Index No. 70272/14)

[*1]Globe Trade Capital, LLC, respondent,
v
Thomas J. Hoey, Jr., et al., appellants, et al., defendants.


Joseph T. Adragna, Huntington, NY, for appellants.
Meyer, Suozzi, English & Klein, P.C., Garden City, NY (Howard B. Kleinberg and Michael Kwiatkowski of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Thomas J. Hoey, Jr., and Wendy Hoey, individually and as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated June 1, 2017. The order, insofar as appealed from, denied the motion of the defendant Wendy Hoey, individually, pursuant to CPLR 5015(a)(3) and (4) to vacate a judgment of foreclosure and sale of the same court entered March 21, 2017, insofar as entered against her, and thereupon, to dismiss the complaint insofar as asserted against her.
ORDERED that the appeal by the defendants Thomas J. Hoey, Jr., and Wendy Hoey, as trustee of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust, from so much of the order as denied the motion of the defendant Wendy Hoey, individually, pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale entered March 21, 2017, insofar as entered against her and thereupon to dismiss the complaint insofar as asserted against her is dismissed, as those defendants are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is affirmed insofar as appealed from by the defendant Wendy Hoey, individually; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff payable by the appellants.
The plaintiff commenced this action to foreclose a mortgage on real property located in Westhampton against, among others, the defendants Thomas J. Hoey, Jr. (hereinafter Thomas), and Wendy Hoey (hereinafter Wendy and, together with Thomas, the defendants), as individuals and in their capacities as trustees of the Thomas J. Hoey Jr. and Wendy Hoey Living Trust (hereinafter the Trust). At all relevant times, the subject property was owned by the Trust.
The defendants did not answer the complaint or make a pre-answer motion to dismiss the complaint. By order dated August 3, 2016, the Supreme Court granted the plaintiff's unopposed motion, inter alia, to appoint a referee to compute the sums due to it. On or about December 29, 2016, the plaintiff moved for a judgment of foreclosure and sale. The defendants did not oppose that [*2]motion. The court entered a judgment of foreclosure and sale on March 21, 2017.
Wendy, individually, then moved pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale insofar as entered against her, and thereupon, to dismiss the complaint insofar as asserted against her on the grounds of lack of proper service and purported fraud. In an order dated June 1, 2017, the Supreme Court, among other things, denied that motion.
Contrary to the plaintiff's contention, the sale of the subject property did not render this appeal academic (see CPLR 5015[d]; 5523; U.S. Bank, Natl. Assn. v Vanvliet, 24 AD3d 906, 909; see also CIT Tech. Fin. Servs., Inc. v Tricycle Enters., Inc., 13 AD3d 783, 784).
"'An appearance by a defendant in an action is deemed to be the equivalent of personal service of a summons upon him [or her], and therefore confers personal jurisdiction over him [or her], unless he [or she] asserts an objection to jurisdiction either by way of motion or in his [or her] answer'" (Ohio Sav. Bank v Munsey, 34 AD3d 659, 659, quoting Skyline Agency v Coppotelli, Inc., 117 AD2d 135, 140; see Countrywide Home Loans Servicing, LP v Albert, 78 AD3d 983, 984). "'By statute, a party may appear in an action by attorney (CPLR 321), and such an appearance constitutes an appearance by the party for purposes of conferring jurisdiction'" (National Loan Invs., L.P. v Piscitello, 21 AD3d 537, 537-538, quoting Skyline Agency v Coppotelli, Inc., 117 AD2d at 140).
Here, the record shows, inter alia, that Wendy appeared at a foreclosure settlement conference before a court-appointed referee, and that subsequently, an attorney served a notice of appearance on Wendy's behalf. That this attorney subsequently withdrew from that representation does not negate his appearance in this matter, and Wendy did not show that the attorney's appearance was unauthorized (see National Loan Invs., L.P. v Piscitello, 21 AD3d at 538). The record therefore shows that she waived the defense of lack of personal jurisdiction, based on her pro se appearance and the appearance of counsel on her behalf (see Caliber Home Loans, Inc. v Xiu Lian Tang, 172 AD3d 476; Countrywide Home Loans Servicing, LP v Albert, 78 AD3d at 984; Ohio Sav. Bank v Munsey, 34 AD3d at 659-660).
In any event, the Supreme Court properly denied Wendy's motion to vacate the judgment of foreclosure and sale insofar as entered against her, and thereupon, to dismiss the complaint insofar as asserted against her based on lack of personal jurisdiction.
CPLR 5015(a)(4) provides, in relevant part, that "[t]he court which rendered a judgment or order may relieve a party from it upon such terms as may be just," upon the ground of "lack of jurisdiction to render the judgment or order." Service of process upon a natural person must be made in strict compliance with the statutory methods of service set forth in CPLR 308, and a defect in service is not cured by the defendant's subsequent receipt of actual notice of the commencement of the action (see Wells Fargo Bank, NA v Spaulding, 177 AD3d 817, 819; FV-1, Inc. v Reid, 138 AD3d 922, 923). "Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant was validly served" (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988; see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1137; Fuentes v Espinal, 153 AD3d 500, 501). "'However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing'" (US Bank, N.A. v Schumacher, 172 AD3d at 1138, quoting U.S. Bank, N.A. v Peralta, 142 AD3d at 988-989).
Here, Wendy's submissions were insufficient to defeat the presumption of proper service (see One W. Bank, FSB v Rotondaro, 188 AD3d 710, 712; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751; see also Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723). Contrary to Wendy's assertion, the plaintiff does not claim to have personally delivered the summons and complaint to Thomas. Rather, the record contains an affidavit of service indicating that Wendy was served by personal delivery of the summons and complaint to a person of "suitable age and discretion" who identified himself as "Thomas Hoey." The record shows, among other things, that Thomas's father is named Thomas Hoey (Sr.). Wendy submitted no evidence showing that the [*3]description set forth in the affidavit of service significantly differed from that person's appearance.
Further, Wendy did not establish that the judgment of foreclosure and sale should be vacated insofar as entered against her on the ground of alleged fraud in connection with service of process. CPLR 5015(a)(3) provides, inter alia, that a judgment may be vacated on the ground of fraud, misrepresentation, or other misconduct by an adverse party. Wendy failed to show that any fraud or misconduct occurred in connection with the service of the summons and complaint, or that any such actions could be attributed to the plaintiff (see Deutsche Bank Natl. Trust Co. v Afram, 188 AD3d 593, 594; see also Deutsche Bank Natl. Trust Co. v Conway, 169 AD3d 641, 642).
Accordingly, the Supreme Court properly denied Wendy's motion pursuant to CPLR 5015(a)(3) and (4) to vacate the judgment of foreclosure and sale insofar as entered against her, and thereupon, to dismiss the complaint insofar as asserted against her.
RIVERA, J.P., HINDS-RADIX, MILLER and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court