Aurora Loan Servs., LLC v Simon (2023 NY Slip Op 02485)

Aurora Loan Servs., LLC v Simon

2023 NY Slip Op 02485

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2017-06941
 (Index No. 26434/07)

[*1]Aurora Loan Services, LLC, respondent,
v
Steve Simon, appellant, et al., defendants.

Berg & David, PLLC, Brooklyn, NY (Abraham David of counsel), for appellant.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Charles H. Jeanfreau of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Steve Simon appeals from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated April 5, 2017. The order, insofar as appealed from, denied those branches of that defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate an order of the same court dated January 18, 2008, inter alia, granting those branches of the plaintiff's motion which were for leave to enter a default judgment against that defendant and for an order of reference, pursuant to CPLR 3211(a)(3) and (8) to dismiss the complaint insofar as asserted against him for lack of standing and lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3012(d) for leave to interpose a late answer.
ORDERED that the order dated April 5, 2017, is affirmed insofar as appealed from, with costs.
In July 2007, the plaintiff commenced this action against, among others, the defendant Steve Simon (hereinafter the defendant) to foreclose a mortgage on certain real property located in Brooklyn. According to an affidavit of service of the plaintiff's process server, the defendant was served pursuant to CPLR 308(4) by affixing a copy of the summons and complaint to the door of the defendant's home on July 25, 2007, followed by mailing a copy of the summons and complaint to that address on July 31, 2017. In an order dated January 18, 2008, upon the defendant's failure to appear or answer the complaint, the Supreme Court, inter alia, granted those branches of the plaintiff's motion which were for leave to enter a default judgment against the defendant and for an order of reference. Thereafter, the defendant moved, among other things, pursuant to CPLR 5015(a)(4) to vacate the order dated January 18, 2008, for lack of personal jurisdiction, pursuant to CPLR 3211(a)(3) and (8) to dismiss the complaint insofar as asserted against him for lack of standing and lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3012(d) for leave to interpose a late answer. In an order dated April 5, 2017, the court, inter alia, denied those branches of the defendant's motion. The defendant appeals.
Service pursuant to CPLR 308(4) may be effected "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual [*2]place of business" (id. § 308[4]; see Feinstein v Bergner, 48 NY2d 234, 240). "Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant was validly served" (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988; see US Bank, N.A. v Schumacher, 172 AD3d 1137, 1137; Fuentes v Espinal, 153 AD3d 500, 501). "'However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing'" (US Bank, N.A. v Schumacher, 172 AD3d at 1138, quoting U.S. Bank, N.A. v Peralta, 142 AD3d at 988-989).
Here, the defendant's submissions were insufficient to defeat the presumption of proper service (see One W. Bank, FSB v Rotondaro, 188 AD3d 710, 712; Indymac Fed. Bank, FSB v Hyman, 74 AD3d 751; see also Wells Fargo Bank, N.A. v Tricarico, 139 AD3d 722, 723). The averments contained in the defendant's affidavit did not constitute a "'detailed and specific contradiction'" of the allegations in the process server's affidavit (Deutsche Bank Natl. Trust Co. v Kenol, 205 AD3d 1004, 1005, quoting Machovec v Svoboda, 120 AD3d 772, 773).
Further, the Supreme Court properly denied that branch of the defendant's motion which was pursuant to CPLR 3012(d) for leave to interpose a late answer. CPLR 3012(d) provides that, upon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of a reasonable excuse for the delay or the default. "Accordingly, 'a trial court has the discretionary power to extend the time to plead, or to compel acceptance of an untimely pleading "upon such terms as may be just," provided that there is a showing of a reasonable excuse for the delay'" (Cumanet, LLC v Murad, 188 AD3d 1149, 1152, quoting Emigrant Bank v Rosabianca, 156 AD3d 468, 472, quoting CPLR 3012[d]). Here, the only proffered excuse for the defendant's failure to answer the complaint was the alleged lack of proper service, which was insufficient to demonstrate a reasonable excuse for the default (see Deutsche Bank Natl. Trust Co. v Benitez, 179 AD3d 891, 893). In light of the defendant's failure to demonstrate a reasonable excuse, we need not consider whether he had a potentially meritorious defense to the action (see Dawkins v Isole, 206 AD3d 878, 879).
Since the defendant defaulted in appearing or answering the complaint and failed to establish his entitlement to vacate the default or to interpose a late answer, he is precluded from
raising lack of standing as a defense to this action (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1011).
Accordingly, the Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 5015(a)(4) to vacate the order dated January 18, 2008, pursuant to CPLR 3211(a)(3) and (8) to dismiss the complaint insofar as asserted against him for lack of standing and lack of personal jurisdiction, or, in the alternative, pursuant to CPLR 3012(d) for leave to interpose a late answer.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court