Deutsche Bank Natl. Trust Co. v Moses (2024 NY Slip Op 00294)

Deutsche Bank Natl. Trust Co. v Moses

2024 NY Slip Op 00294

Decided on January 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2019-10226
2019-10228
 (Index No. 29560/08)

[*1]Deutsche Bank National Trust Company, etc., respondent,
v
Anna Moses, appellant, et al., defendants.

Andrea S. Gross, St. Albans, NY, for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Anna Moses appeals from (1) an order of the Supreme Court, Kings County (Ingrid Joseph, J.), dated July 9, 2019, and (2) an order and judgment of foreclosure and sale of the same court, also dated July 9, 2019. The order, inter alia, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied those branches of that defendant's cross-motion which were pursuant to CPLR 5015(a)(4) and CPLR 3211(a)(8) to vacate an order of reference of the same court (Donald Scott Kurtz, J.) dated May 6, 2010, and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) to vacate an order of the same court (Lawrence Knipel, J.) dated August 2, 2018, granting the plaintiff's motion, among other things, to restore the action to the court's active calendar, upon that defendant's failure to appear at a calendar call on that motion. The order and judgment of foreclosure and sale, inter alia, upon the order of reference and upon the order dated July 9, 2019, directed the sale of the subject property.
ORDERED that the appeal from the order dated July 9, 2019, is dismissed; and it is further,
ORDERED that the order and judgment of foreclosure and sale is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The appeal from the order dated July 9, 2019, must be dismissed because the right of direct appeal therefrom terminated with entry of the order and judgment of foreclosure and sale (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated July 9, 2019, are brought up for review and have been considered on the appeal from the order and judgment of foreclosure and sale (see CPLR 5501[a][1]; Matter of Aho, 39 NY2d at 248).
In 2008, the plaintiff commenced this action to foreclose a mortgage given by the defendant Anna Moses (hereinafter the defendant). Upon the defendant's failure to appear or answer the complaint, the Supreme Court issued an order of reference dated May 6, 2010. In an order dated [*2]September 26, 2013 (hereinafter the dismissal order), the court, sua sponte, directed dismissal of the complaint as abandoned pursuant to CPLR 3215(c). In an order dated August 2, 2018, the court granted the plaintiff's motion to vacate the dismissal order and to restore the action to the court's active calendar, upon the defendant's failure to appear at a calendar call on that motion. In an order dated July 9, 2019, the court, among other things, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and denied those branches of the defendant's cross-motion which were pursuant to CPLR 5015(a)(4) and CPLR 3211(a)(8) to vacate the order of reference and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction or, in the alternative, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated August 2, 2018. On the same date, the court issued an order and judgment of foreclosure and sale. The defendant appeals.
Contrary to the defendant's contention, the Supreme Court properly denied, without a hearing, that branch of her cross-motion which was pursuant to CPLR 5015(a)(4) and CPLR 3211(a)(8) to vacate the order of reference and to dismiss the complaint insofar as asserted against her for lack of personal jurisdiction. "Ordinarily, a process server's affidavit of service constitutes prima facie evidence that the defendant was validly served. However, when a defendant submits a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server, the prima facie showing is rebutted and the plaintiff must establish personal jurisdiction by a preponderance of the evidence at a hearing" (Aurora Loan Servs., LLC v Simon, 216 AD3d 716, 717 [citations and internal quotation marks omitted]). "[B]are and unsubstantiated denials of service are insufficient to rebut the presumption of proper service created by a duly executed affidavit of service, and a hearing is not required where 'the defendant fails to swear to specific facts rebutting the statements in the process server's affidavit'" (Tuttnauer USA Co., Ltd. v Russo, 216 AD3d 846, 847, quoting US Natl. Bank Assn. v Melton, 90 AD3d 742, 743). Here, the defendant's submissions were insufficient to defeat the presumption of proper service.
The Supreme Court also properly denied that branch of the defendant's cross-motion which was, in effect, pursuant to CPLR 5015(a)(1) to vacate the order dated August 2, 2018. "A party seeking to vacate a default in appearing on the return date of a motion must demonstrate both a reasonable excuse for the default and a potentially meritorious cause of action or defense" (Bank of Am., N.A. v Russell, 197 AD3d 448, 448; see Financial Assistance, Inc. v Graham, 191 AD3d 952, 957). Here, the defendant failed to demonstrate a meritorious opposition to the plaintiff's motion to vacate the dismissal order and to restore the action to the court's active calendar.
The defendant's remaining contention is improperly raised for the first time on appeal (see Henry v New Jersey Tr. Corp, 39 NY3d 361, 367).
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court