Citimortgage, Inc. v Sparozic (2024 NY Slip Op 00403)

Citimortgage, Inc. v Sparozic

2024 NY Slip Op 00403

Decided on January 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LILLIAN WAN, JJ.

2019-14623
 (Index No. 181/15)

[*1]Citimortgage, Inc., respondent, 
v
Suzy Sparozic, appellant, et al., defendant.

Suzy Sparozic, Cold Spring, NY, appellant pro se.
McCalla Raymer Leibert Pierce, LLC, New York, NY (Jane H. Torcia and Charles H. Jeanfreau of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Suzy Sparozic appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Putnam County (Kathie E. Davidson, J.), dated July 12, 2019. The order and judgment of foreclosure and sale, insofar as appealed from, upon an order of the same court dated March 14, 2019, inter alia, denying that defendant's motion for leave to renew her opposition to the plaintiff's motion, among other things, for leave to enter a default judgment against that defendant and for an order of reference, and for leave to file a late answer, granted those branches of the plaintiff's motion which were to confirm a referee's report and for a judgment of foreclosure and sale, and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed insofar as appealed from, with costs.
In February 2015, the plaintiff commenced this action against, among others, Suzy Sparozic (hereinafter the defendant) to foreclose a mortgage on certain residential property located in Cold Spring. The defendant failed to answer the complaint. In May 2015, the plaintiff moved, inter alia, for leave to enter a default judgment against the defendant and for an order of reference. In an order dated August 22, 2017, the Supreme Court granted the plaintiff's motion. In a separate order, also dated August 22, 2017, the court, among other things, referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
Thereafter, the defendant moved (1) for leave to renew her opposition to the plaintiff's prior motion, inter alia, for leave to enter a default judgment against her and for an order of reference, and (2) for leave to file a late answer. In an order dated March 14, 2019, the Supreme Court, among other things, denied the defendant's motion for leave to renew and leave to file a late answer. The plaintiff subsequently moved, among other things, to confirm the referee's report and for a judgment of foreclosure and sale. In an order and judgment of foreclosure and sale dated July 12, 2019, the court, among other things, granted those branches of the plaintiff's motion and directed the sale of the subject property. The defendant appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior [*2]motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" and "shall contain reasonable justification for the failure to present such facts on the prior motion" (CPLR 2221[e][2], [3]; see Wilmington Sav. Fund Socy. FSB v Khandaker, 217 AD3d 729, 730; Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d 1017, 1020). "[A] motion for leave to renew is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation" (Deutsche Bank Natl. Trust Co. v Elshiekh, 179 AD3d at 1020). Here, the defendant failed to offer new facts or a change in the law that would change the Supreme Court's prior determination granting the plaintiff's motion, inter alia, for leave to enter a default judgment against her and for an order of reference (see MTGLQ Invs., L.P. v Rebecca, 208 AD3d 869, 871; McGowan-Amandola v Federal Realty Inv. Trust, 191 AD3d 868, 870). Accordingly, the court properly denied that branch of the defendant's motion which was for leave to renew her opposition to the plaintiff's motion, among other things, for leave to enter a default judgment against her and for an order of reference.
"A defendant who has failed to timely answer a complaint and who seeks leave to file a late answer must provide a reasonable excuse for the delay and demonstrate a potentially meritorious defense to the action" (Bank of Am., N.A. v Viener, 172 AD3d 795, 796). Here, the Supreme Court properly denied that branch of the defendant's motion which was for leave to file a late answer, as the defendant failed to demonstrate a reasonable excuse for her default in timely answering the complaint (see US Bank N.A. v Salvatierra, 205 AD3d 757, 758-759). Since the defendant failed to demonstrate a reasonable excuse for her default, it is unnecessary to consider whether she demonstrated a potentially meritorious defense to the action (see id. at 759).
Further, since the defendant failed to establish her entitlement either to vacate her default or to interpose a late answer, she was precluded from raising lack of standing as a defense to the action (see Aurora Loan Servs., LLC v Simon, 216 AD3d 716, 718; Nationstar Mtge., LLC v Gross, 201 AD3d 942, 944).
The defendant's remaining contentions are either not properly before this Court or without merit.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were to confirm the referee's report and for a judgment of foreclosure and sale.
IANNACCI, J.P., WOOTEN, VOUTSINAS and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court